UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID LASTER,

    Plaintiff,

v.

PUBLIC SAFETY FACILITY,

    Defendant.

Civil No. 05-1443 (DSD/SRN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed.

Plaintiff commenced this action on July 19, 2005, by filing his IFP application and a self-styled handwritten complaint. By order dated July 21, 2005, (Docket No. 3), the Court ruled that Plaintiff's IFP application would "not be granted at this time," because of various defects appearing on the face of his complaint. The Court noted that Plaintiff had not alleged any facts, or any legal theory, that could support any actionable claim for relief. The Court also noted that the only named Defendant, "Public Safety Facility," did not appear to be a suable person or entity, but merely a term used to describe some building or location. The prior order also pointed out that Plaintiff's lawsuit has no apparent connection to the State of Minnesota.

Plaintiff was given an opportunity to cure the defects in his original pleading by filing an Amended Complaint within twenty days – i.e., by no later than August 9, 2005. The Court advised Plaintiff that if he intended to amend, he would have to submit an <u>entirely new pleading</u> identified as his "Amended Complaint." He was further advised that (a) he could not merely supplement his original pleading, (b) he would have to provide a comprehensive explanation of the factual and legal grounds on which his claims were based, (c) he would have to clearly identify the named Defendant, "Public Safety Facility," and explain why Defendant should be deemed to be a suable person or entity, and (d) he would have to show proper grounds for exercising personal jurisdiction over Defendant in this District. The Court's prior order informed Plaintiff that if he did not file a satisfactory amended complaint within the time allowed, it would be recommended that this action be summarily dismissed.

On August 8, 2005, Plaintiff filed a lengthy handwritten document entitled "Statement." (Docket No. 4.) It is readily apparent, however, that this latest submission cannot be viewed as an amended complaint that satisfies the requirements of the Court's prior order. First, Plaintiff's latest submission is not even labeled "amended complaint." Furthermore, it lacks any of the requisite fundamental elements of a pleading – it contains no caption, no title, no statement of jurisdiction, and no prayer for relief. In addition, while Plaintiff's "Statement" does include some new factual allegations, it does not describe any legal theory or principle on which a cause of action could be based. Finally, Plaintiff has not shown that Defendant "Public Safety Entity" is a suable person or entity, or that there are any grounds for exercising personal jurisdiction over Defendant in this District.

In sum, Plaintiff's recently submitted "Statement" does not satisfy the requirements set forth in the Court's prior order. Because Plaintiff has not corrected the shortcomings of his original complaint, he still has not pleaded an actionable claim. It will therefore be recommended, in accordance with the prior order, that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (§ 1915(e)(2)(B)(ii) authorizes district courts to summarily dismiss actions filed by IFP applicants who have failed to plead an actionable claim).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application To Proceed Without Prepayment Of Fees," (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 8, 2005

                                                     s/ Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 22, 2005**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.